Karine KHACHATRYAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–74496.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 3, 2008.

Garbis N. Etmekjian, Glendale, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department Of Homeland Security, San Francisco, CA, Frank A. Wilson, AUSA, U.S. Attorney's Office Eastern District of Washington, Spokane, WA, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Karine Khachatryan, a native of Uzbekistan and citizen of Armenia, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny in part and dismiss in part the petition for review.

■■■ Substantial evidence supports the agency's finding that Khachatryan failed to demonstrate that her experiences in Armenia rose to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003). In addition, substantial evidence supports the agency's finding that Khachatryan's fear of future persecution is undermined because her similarly situated husband remains in Armenia and continues to practice their religion unharmed. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). Accordingly, Khachatryan's asylum claim fails.

■■■ We lack jurisdiction to consider Khachatryan's contention that the IJ's decision was inconsistent with the BIA's March 8, 2004 decision because she did not raise it before the BIA. *See Zara v. Ashcroft,* 383 F.3d 927, 930–31 (9th Cir.2004).

The portions of Khachatryan's opening brief regarding her membership in a particular social group and disfavored group status, state facts not present in the instant case and appear to have been cut and pasted from another petitioner's brief. We do not review these contentions as they are not based on the facts of Khachatryan's claim.

Because Khachatryan did not establish asylum eligibility, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Khachatryan's counsel is cautioned that his opening brief does not meet this court's standards. *See generally* Fed. R.App. P. 28; 9th Cir. R. 28–2.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

